IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                       No. 2:10-cr-00175 KJM

    v.

WQAS KHAN,

    Defendant.                     <u>ORDER</u>

_____/

        Presently before the court is defendant's Wqas Kahn's ("Khan") motion to compel discovery (Dkt. Nos. 145-46), which was taken under submission on February 22, 2012 (Order, Dkt. No. 153). Through this motion, Khan sought an order requiring the government to review and produce for an *in camera* review the personnel files and related records of Stanislaus County District Attorney Investigator Kirk B. Bunch, pursuant to <u>United States v. Henthorn</u>, 931 F.2d 28 (9th Cir. 1991), and related authority.[1] The court previously denied a similar motion. (Order, Dec. 9, 2010, Dkt. No. 55, <u>reconsideration denied by</u> Order, Mar. 28, 2011, Dkt. No. 80.)

---

[1] The court granted defendant's request for an evidentiary hearing concerning motions to quash and suppress that implicate Investigator Bunch, made in part pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). (<u>See</u> Order, Jan. 12, 2012, Dkt. No. 143 (providing that, at the <u>Franks</u> hearing, defense counsel may elicit testimony from Mr. Bunch).) It does not appear that the court has set a hearing date.

1   On February 17, 2012, in response to defendant's motion and an Order to Show
2   Cause ("OSC") dated February 15, 2012 (OSC, Dkt. No. 148), plaintiff the United States
3   ("plaintiff") produced the "entire personnel file of Stanislaus County District Attorney
4   Investigator Kirk Bunch" for *in camera* review by the undersigned. (Dkt. No. 150.) The
5   personnel file contains documents bearing Bates Numbers KB 0001 through KB 0263. Plaintiff
6   requested that defendant's motion be denied as moot given the production of the file for *in
7   camera* review. (Id. at 2.)

8   After an *in camera* review of the entire personnel file, the undersigned orders
9   production of the documents at Bates Numbers KB 0002-0008. These pages constitute
10  documents connected to an internal investigation of Mr. Bunch following a citizen complaint by
11  a Ms. Roberta Hilligoss. Defendant has argued that Ms. Hilligoss' complaint is significant:
12  defendant's moving papers discuss the complaint and attach it as an exhibit, as defendant
13  believes the complaint demonstrates "rogue behavior" by Mr. Bunch. (E.g., Dkt. No. 146 at 20,
14  Exh. I to Dkt. No. 146.) By ordering production of these pages, the undersigned in no way
15  intends to suggest that they impeach Mr. Bunch's credibility, confirm inappropriate conduct, or
16  otherwise serve as evidence favorable to the defense. Indeed, the investigatory documents appear
17  to exonerate Mr. Bunch. Nonetheless, in an abundance of caution, the undersigned orders
18  production of the seven pages of investigatory documents. No other documents from the
19  personnel file need be produced.

20  Finally, given plaintiff's providing Mr. Bunch's personnel file for *in camera*
21  review, and given plaintiff's apology and explanation for failing to timely file a response to
22  defendant's motion and for failing to request for an extension (Response to OSC, Dkt. No. 151),
23  the undersigned orders that the Order to Show Cause (OSC, Dkt. No. 148) is discharged.
24  However, the undersigned reminds plaintiff that future failures to timely file documents may
25  result in sanctions.
26  ////

Accordingly, IT IS HEREBY ORDERED that:

1. Given plaintiff's production of Investigator Bunch's personnel file for *in camera* review, defendant's Motion to Compel Discovery (Dkt. Nos. 145-46) is denied as moot.

2. Following an *in camera* review of Investigator Bunch's personnel file, the undersigned orders production of the documents at Bates Numbers KB 0002-0008, within seven days of the filing of this order. No other documents from the personnel file need be produced.

3. The Order to Show Cause (OSC, Dkt. No. 148) as against plaintiff is discharged. However, the undersigned reminds plaintiff that future failures to timely file documents may result in sanctions.

IT IS SO ORDERED.

DATED: February 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE