UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

WQAS KHAN,

        Defendant.
_____/

No. 2:10-cr-00175 KJM

ORDER

        The court previously granted in part defendant's request for an evidentiary hearing made in connection with his motion to traverse the search warrant and motion to quash. The court identified seven subject areas to be covered during the hearing. The evidentiary hearing was conducted on three separate days, May 15, May 21 and June 19, 2012. J. Tony Serra and Shari L. White appeared for defendant, who was present in custody. Jason Hitt and William Wong appeared for the government. Following the proceedings on May 21, 2012, defendant filed a motion to strike the testimony of the government's expert, Michael Lugiewicz, and a motion to exclude the declaration of Judge McFadden. For the reasons set forth below, the motion to strike is DENIED with instructions to government counsel, and the motion to exclude the declaration is GRANTED.

/////

/////

I. <u>Motion to Strike Testimony</u>

  Defendant's motion to strike the testimony of Michael Lugiewicz is based on his failure to appear on the second day of the evidentiary hearing when he was expected. The motion also asserts that Mr. Lugiewicz's testimony falls outside the bounds of the evidentiary hearing as set by the court's order granting the hearing in the first place.

  On the first day of the evidentiary hearing, the government called Mr. Lugiewicz as an expert witness regarding "STOP reports" documenting locations at which a vehicle has stopped, and the GPS tracking information on which such reports are based. The parties agreed to take Mr. Lugiewicz out of order, during the testimony of Officer Kirk Bunch. At the time Mr. Lugiewicz was called, the defense did not register an objection to his being called as a witness. 5/15/12 Tr. at 62:14 - 63:12. The defense also simply submitted the question of Mr. Lugiewicz's expertise to the court without objecting to his offering opinion testimony. 5/15/12 Tr. at 71:12-15. By the end of the first day of hearing, the government had concluded its examination of Mr. Lugiewicz, and the defense had only just begun cross-examination. Mr. Lugiewicz was not excused, and the parties agreed that Mr. Lugiewicz would be recalled. The court set the next hearing date and time, and indicated it would rely on the parties to work out the details of when exactly the defense would cross-examine Mr. Lugiewicz.

  By the time set for the next hearing, the parties anticipated that Mr. Lugiewicz would appear at the beginning of the hearing for further cross-examination. The start time for the hearing was delayed by fifteen minutes while government counsel attempted to locate Mr. Lugiewicz. When the hearing did open, counsel indicated his hope that Mr. Lugiewicz would appear "sometime between now and noon." 5/21/12 Tr. at 4:15. Counsel conceded he did not have Mr. Lugiewicz's GPS coordinates to assist in locating him. 5/21/12 Tr. at 4:16-18. By the close of the hearing, Mr. Lugiewicz had not appeared, and the government's counsel reported he had learned there was a "miscommunication," and that Mr. Lugiewicz had not understood he needed to appear that day. At that point, defense counsel moved to strike his testimony; this oral motion was followed by a written motion, opposition and reply. ECF 176, 179, 182. On the
/////

third and last day of hearing, Mr. Lugiewicz was present and the court allowed him to take the stand while clarifying it had not yet resolved the motion to strike. In response to defense counsel's questioning, Mr. Lugiewicz said he was sorry for not appearing on the second day of hearing. He said, in essence, he did not appear because his employers thought he did not have to appear unless there was a court order for him to do so.[1]

There is no question but that "'[d]istrict courts have inherent power to control their docket," as a function of their responsibility to supervise litigation proceedings efficiently and effectively, and most importantly to achieve the interests of justice. *See, e.g., Ready Transportation, Inc. v. AAR Manufacturing, Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Erickson v. Newmar Corp.*, 87 F.3d 298, 300 (9th Cir. 1996). In testimonial proceedings, the court has discretion, rooted in common law principles, to "exercise reasonable control over the mode and order of interrogating witnesses. . . so as to . . . make the interrogation and presentation effective for the ascertainment of truth. . ." Fed. R. Evid. 611(a)(1) & Notes of Adv. Comm. On Proposed Rules. The exercise of the court's inherent power, as "necessary to the exercise of all others," includes the "power to impose silence, respect, and decorum." *Ready Transportation*, 627 F.3d at 404. With apologies to Teddy Roosevelt, the court should be able to invoke these powers by speaking softly, even if at the same time carrying a big stick.

Here, the court did not issue an express order directing Mr. Lugiewicz to reappear at the beginning of the second day of the evidentiary hearing. At the same time, the court did not excuse him as a witness, and it made clear that his cross-examination still needed to be concluded. Because at the end of the first day of hearing the government was not in a position to confirm definitively that Mr. Lugiewicz was available on the date set for the second day of hearing, the court delegated responsibility to the parties to make final arrangements for his further examination. It is clear both parties thought they had confirmed Mr. Lugiewicz's appearance for the morning of the second day. While Mr. Lugiewicz appeared on the third day,
/////

---

[1] The transcript of the third day of hearing has not been filed as of the date of this order.

the court is not pleased by his explanation for not previously reappearing; Mr. Lugiewicz or his employers could and should have contacted the government's attorney in an effort to clarify the court's reasonable expectations if they had any doubt. The court is wholly dissatisfied with the government's chalking up the missed court date to a "miscommunication"; it is the government, who presented the witness, that should have taken steps to avoid any miscommunications. All of this said, considering the totality of the circumstances, the court finds that lowering the boom in full by granting the motion to strike would be disproportionate to the instant offense. Given that Mr. Lugiewicz ultimately did reappear, with apologies, and was available for full cross-examination during time that was otherwise needed to complete the hearing, the court will allow his testimony to stand.

The court orders the government's counsel, however, to submit a declaration within seven days of the filed date of this order. In his declaration, counsel shall set forth the practices and procedures he will follow in the future to prevent any possible miscommunication and missed court dates with the government's own witnesses. Upon receipt of the declaration, the court may set a special status to discuss its contents.

Because defense counsel did not object to Mr. Lugiewicz as a witness when he was first offered, the court finds the defense has waived a challenge on grounds that his testimony exceeds the bounds set by the court's order granting the evidentiary hearing.

II. Motion to Exclude Declaration

Defendant also moves to exclude the declaration of Judge McFadden, the Superior Court magistrate who signed the search warrant attacked by the motions to traverse and to quash. The government offered the declaration, with a signature date of May 14, 2012, as an exhibit at the end of the second day of the evidentiary hearing. The defense objected then on grounds of lack of foundation and deprivation of the right of confrontation. 5/21/12 Tr. at 128:7-20. The government argued that the court can consider hearsay and the defense could subpoena the magistrate for cross-examination if it wished. 5/21/12 Tr. at 128:22 - 129:25. Following the hearing, the defense filed a motion confirming its foundational objection and recording a hearsay objection. ECF 175. It later provided authority in support of its confrontational objection. ECF

181. The government filed a brief response essentially standing on its argument at hearing without further briefing. ECF 180. The government did not seek to call Judge McFadden as a witness during the hearing, and there is no indication she had been subpoenaed to testify or was otherwise available to testify.

"[T]he rules of evidence normally applicable in criminal trials do not operate with full force at hearings before the judge to determine the admissibility of evidence." *United States v. Matlock*, 415 U.S. 164 (1974) (where witness was available for cross-examination at hearing on a motion to suppress, district court erred in excluding her hearsay statements in considering whether probable cause existed for an arrest). Even if they do not have "full force" the rules of evidence still "are applicable to motion to suppress evidence proceedings," although they do not apply to proof of "foundational facts" a court must find as a threshold matter before applying a particular evidentiary rule. *United States v. Brewer*, 947 F.2d 404, 408 (9th Cir. 1991) (holding that Evidence Rule 615 providing for exclusion of witnesses is "procedural rule directed at the fairness of the proceedings" and does not affect the type of evidence that can be considered; therefore application of Rule 615 is not affected by Rule 104).

Even assuming without deciding that the declaration here was signed by Judge McFadden, and that the court could admit the declaration over the defense hearsay objection, the court finds its admission would violate defendant's right of confrontation and undermine the fairness of the evidentiary hearing proceedings. The declaration references without attaching the search warrant and affidavit documents the magistrate indicates she reviewed prior to signing the declaration. *See* Gov't Ex. 6 ¶ 1. The declaration ends with the highly generalized statement that the warrant "does not appear to have been altered or modified in any way since I signed it on December 2, 2009." *Id.* ¶ 4. No analysis or explanation is provided to support this vague conclusion. The rest of the declaration's content does not contribute anything of material value to the record before the court on the pending motions. It is this court that is charged with the task ultimately of determining whether or not the affidavit provided to Judge McFadden meets the required standard of truthfulness and whether or not the search warrant that she issued was
/////

supported by probable cause.  The court sustains the defendant's objection on grounds of confrontation and fundamental fairness.

IT IS SO ORDERED.

DATED: June 21, 2012.

_____
UNITED STATES DISTRICT JUDGE