IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                                No. CR-S-10-175 KJM

    vs.

WQAS KHAN,                                    ORDER

    Defendant.

_____/

        Defendant Wqas Khan is charged with violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1). Some of the evidence in this case was gathered during searches of 127 E. Noble Street and 3371 Penelope Street, both in Stockton, undertaken as part of a murder investigation. These searches were authorized by a warrant issued by the Stanislaus County Superior Court on December 2, 2009, based on an affidavit prepared by Kirk Bunch, an investigator with the Stanislaus County District Attorney's Office. Defendant has filed motions to quash the search warrant and to traverse the warrant. The court granted defendant's request for an evidentiary hearing on his motion to traverse the warrant and directed the parties to focus on a number of specified questions. The court held a hearing on the motion and the parties have filed further briefing on the questions posed by that motion.

/////

The motion to quash, which is also pending, alleges that the warrant is overbroad in that it lacks sufficient probable cause and is not sufficiently particular. Although the two inquiries are part of the specificity requirement of the Fourth Amendment, overbreadth and particularity "remain two distinct parts of the evaluation of a warrant for Fourth Amendment purposes." *United States v. SDI Future Health*, 568 F.3d 684, 701 (9th Cir. 2009). Defendant's briefing focuses on the particularity prong of the specificity inquiry without a separate analysis of overbreadth. It is not clear whether defendant is making a separate overbreadth argument or has abandoned it. In addition, neither party has addressed the question whether any portion of a non-particularized warrant is severable. *United States v. Kow*, 58 F.3d 423, 428 (9th Cir. 1995). The parties will be given an opportunity to address these issues, citation to the evidentiary hearing record if they so choose.

IT IS THEREFORE ORDERED:

1. Within fourteen days of the date of this order, defendant shall file a supplemental brief, limited to ten pages, addressing the issues identified above or notifying the court that he has abandoned any claim of overbreadth;

2. The government's opposition, also limited to ten pages, is due within fourteen days of the filing of defendant's briefing; and

3. Defendant's optional reply, limited to five pages, is due within seven days of the date the opposition is filed.

DATED: August 7, 2012.

_____
UNITED STATES DISTRICT JUDGE