1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:10-CR-0175 KJM

12                   Plaintiff,

13          v.                              ORDER

14   WQAS KHAN,

15                   Defendant.

16

17          The court, having ordered a time for a discussion of trial conduct with Assistant United

18   States Attorney William Wong, proceeded with hearing on Wednesday, August 7, 2013 at 2 p.m.

19   While Mr. Wong was present, Assistant United States Attorney Matt Segal informed the court

20   that he was instead appearing, for the United States.  Mr. Segal confirmed the United States'

21   request, made in writing on August 6, for an evidentiary hearing.  The request was made on the

22   erroneous assumption that the court sought to hold Mr. Wong in criminal contempt, an

23   assumption unsupported by the court's order setting hearing.  Given that the United States had

24   assembled its troops to observe the hearing, the court took the opportunity to reference the simple

25   truth, that a federal court has inherent authority to control behavior in the presence of judge and

26   jury and to take steps to maintain decorum.  The court further reviewed rules geared toward

27   ensuring decorum and maintaining the highest standards of attorney conduct at all times.  The

28   court clarified that it sought answers to two questions: could Mr. Wong acknowledge that his

                                                1

behavior during one stage of trial on July 29 breached the line circumscribing appropriate conduct? And could Mr. Wong clarify for other attorneys, particularly new attorneys who were watching that day, how to maintain decorum, even in the heat of trial? Unable to pivot in the face of the court's clarification, the United States stuck to the script it had written for the occasion: with all due respect, Mr. Wong's slamming down of the gun was not what it appeared to the court but was a mere accident. The court let the United States know that if it had anything further for the court to consider, it could file whatever that might be by the close of business the following Friday. Executive Assistant United States Attorney Sylvia Quast did file a brief supplemental statement reflecting that she comprehended the purpose of the court's order as clarified, expressing the general sentiment that her office has intended no disrespect to the federal tribunal, and requesting that the order to show cause be discharged.

While the court had sought a different sort of acknowledgement and dialogue, the court concludes at this point that the Order to Show Cause itself has served as a sufficient sanction and has adequately alerted members of the bar to the standard of decorum the court expects. The Order to Show Cause is discharged. The motion of the United States filed on August 6, 2013, and not withdrawn, is denied as nonresponsive.

DATED: August 14, 2013.

_____
UNITED STATES DISTRICT JUDGE